**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WHAM-O HOLDING, LTD. and<br>INTERSPORT CORP. d/b/a WHAM-O, | Case No.: 1:21-cv-00320 |
| Plaintiffs, | Judge Robert M. Dow, Jr. |
| v. | Magistrate Judge Jeffrey T. Gilbert |
| THE PARTNERSHIPS AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiffs submit this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

Plaintiffs, WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O ("WHAM-O" or "Plaintiffs"), bring the present action against the Defendants identified on Schedule A (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), violation of the Illinois Uniform Deceptive Trade Practices Act (Count III) and Civil Conspiracy (Count IV).  As alleged in WHAM-O's Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling products infringing WHAM-O's FRISBEE trademarks (the "Counterfeit/infringing FRISBEE products") through various fully interactive commercial Internet websites operating under at least the Defendant Online Marketplace Accounts listed in Schedule A (collectively, the "Defendant Internet Stores").

**II.   STATEMENT OF FACTS**

On January 26, 2021, this Court granted WHAM-O's Motion for a Temporary Restraining Order (the "TRO"). Docket Entry No. 16. The TRO authorized WHAM-O to provide notice of these proceedings and the preliminary injunction hearing to Defendants by (i) electronically publishing a link to the Complaint, the TRO and other relevant documents on a website, and (ii) by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Todd Richards and any e-mail addresses provided for Defendants by third parties that includes a link to said website. TRO at ¶ 12. Since and pursuant to entry of the TRO, dozens of eBay, PayPal, WISH, Amazon, Alipay and DHGate accounts associated with the Defendant Internet Stores have been frozen. *See* Declaration of Keith A. Vogt (hereinafter "Vogt Declaration") at ¶ 2.

WHAM-O respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit FRISBEE products during the pendency of this litigation. As part of the Preliminary Injunction, WHAM-O requests that Defendants' eBay, PayPal, WISH, Amazon, Alipay and DHGate accounts remain frozen until completion of these proceedings.

## III.  ARGUMENT

### a)  A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

WHAM-O respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. This Court, in addressing similar allegations of Internet-based counterfeiting, has also issued preliminary injunctions following a temporary restraining order *See, e.g., Frida Kahlo Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 20-cv-07339 (N.D. Ill. Jan. 18, 2021) and *Wham-O Holding, Ltd. and InterSport Corp. d/b/a WHAM-O v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-03851 (N.D. Ill. Jul. 23, 2019) (granting Preliminary Injunction). *See* Exhibit 1 to Declaration of Keith A. Vogt (hereinafter "Vogt Declaration").

#### i)  This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1)

there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii) The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark ...." 15 U.S.C. § 1116(a).

WHAM-O requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, Plaintiffs have obtained information, including the identification of dozens of foreign accounts, linked to the Defendant Internet Stores which were offering for sale and/or selling infringing FRISBEE products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account. Therefore, Defendants' frozen assets according to the TRO should remain frozen for the remainder of the proceedings. The amount of damages to which WHAM-O is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen eBay, PayPal, WISH, Amazon, Alipay and DHGate accounts. As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

In view of the foregoing, WHAM-O respectfully requests that this Court enter the preliminary injunction.

DATED:  February 12, 2021 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Keith A. Vogt
　　　　　　　　　　　　　　　　　　　　　　　Keith A. Vogt (Bar No. 6207971)
　　　　　　　　　　　　　　　　　　　　　　　Keith Vogt, Ltd.
　　　　　　　　　　　　　　　　　　　　　　　111 West Jackson Boulevard, Suite 1700
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60604
　　　　　　　　　　　　　　　　　　　　　　　Telephone: 312-675-6079
　　　　　　　　　　　　　　　　　　　　　　　E-mail:  keith@vogtip.com

　　　　　　　　　　　　　　　　　　　　　　　**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

　　　I hereby certify that on February 12, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Todd Richards and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Keith A. Vogt
　　　　　　　　　　　　　　　　　　　　　　　Keith A. Vogt

5