Exhibit 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRIDA KAHLO CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:20-cv-07339

Judge Robert M. Dow, Jr.

Magistrate Judge Beth W. Jantz

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff, FRIDA KAHLO CORPORATION's ("FKC" or "Plaintiff"), Motion for a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the defendants identified in Schedule A (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented screenshot evidence that each Defendant Internet Store is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois

1

residents can and do purchase products using counterfeit versions of Plaintiff's trademarks. *See* Docket No. 11 which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the FRIDA KAHLO trademarks, U.S. Trademark Registration Nos. 5,700,393; 5,186,539; 5,341,582; 5,351,310; 4,739,999; 3,326,314; 3,326,313; 3,787,499; 3,799,598 and 3,318,902 (collectively, "The FRIDA KAHLO Trademarks").

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of FKC's previously granted Motion for a Temporary Restraining Order establishes that FKC has a likelihood of success on the merits; that no remedy at law exists; and that FKC will suffer irreparable harm if the injunction is not granted.

Specifically, FKC has proved a *prima facie* case of trademark infringement because (1) the FRIDA KAHLO Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the FRIDA KAHLO Trademarks, and (3) Defendants' use of the FRIDA KAHLO Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with FKC. Furthermore, Defendants' continued and unauthorized use of the FRIDA KAHLO Trademarks irreparably harms FRIDA KAHLO through diminished goodwill and brand confidence, damage to FKC's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, FKC has an inadequate remedy at law.

Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. using the FRIDA KAHLO Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine FRIDA KAHLO product or not authorized by FKC to be sold in connection with the FRIDA KAHLO Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine FRIDA KAHLO product or any other product produced by FKC, that is not FKC's or not produced under the authorization, control or supervision of FKC and approved by FKC for sale under the FRIDA KAHLO Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of FKC, or are sponsored by, approved by, or otherwise connected with FRIDA KAHLO;

    d. further infringing the FRIDA KAHLO Trademarks and damaging FKC's goodwill;

    e. otherwise competing unfairly with FKC in any manner;

    f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

        inventory not manufactured by or for FKC, nor authorized by FKC to be sold or offered for sale, and which bear any of the FRIDA KAHLO Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

  g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit/Infringing FRIDA KAHLO products; and

  h.  operating and/or hosting websites by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the FRIDA KAHLO Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine FRIDA KAHLO product or not authorized by FKC to be sold in connection with the FRIDA KAHLO Trademarks.

2.  Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as, but not limited to, WISH and Alipay (collectively, "Marketplaces"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within three (3) business days of receipt of this Order:

  a.  disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the FRIDA KAHLO Trademarks, including any accounts associated with the Defendants listed in Schedule A;

4

      b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the FRIDA KAHLO Trademarks; and

      c. take all steps necessary to prevent links to the Defendant Online Marketplace Accounts identified in Schedule A from displaying in search results, including, but not limited to, removing links to the Online Marketplace Accounts from any search index.

3. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplace Accounts or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as Marketplaces, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alipay, Western Union, third party processors and other payment processing service providers, shippers, and online marketplace registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to FKC expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

      a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

      b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information

5

        associated with the Online Marketplace Accounts, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant Internet Stores;

  c. Defendants' websites and/or any Online Marketplace Accounts;

  d. The Defendant Internet Stores registered by Defendants; and

  e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Context Logic, Inc.("WISH"), Amazon Payments, Inc. ("Amazon"), Alipay US, Inc. and its entities ("Alipay") and Heguang International Limited or Dunhuang Group d/b/a DHGATE, DHGate.com, DHPORT, DHLINK and DHPAY ("DHGate"), shall, within three (3) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

       a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any eBay, PayPal, WISH, Amazon, Alipay and DHGate accounts connected to the information listed in Schedule A hereto or the email addresses identified in Exhibit 2 to the Declaration of Carlos Dorado; and

       b. Restrain and enjoin any such accounts or funds that are non-U.S. foreign based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Internet Stores or websites, shall within three (3) business days of receipt of this Order:

       a. Locate all accounts and funds connected to Defendants, or Defendants' Internet Stores, including, but not limited to, any accounts connected to the information listed in Schedule A hereto or the email addresses identified in Exhibit 2 to the Declaration of Carlos Dorado; and

      b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. FKC may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website, or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Carlos Dorado and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single

original summons in the name of "arleelife moon and all other Defendants identified in Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from Online Marketplace Accounts and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to FKC or on shorter notice as set by this Court.

9. The Clerk is directed to unseal any previously sealed documents in this matter, namely (1) Plaintiffs' Schedule A attached to the Complaint, which includes a list of the Defendant Online Marketplace Accounts; and (2) screenshot printouts showing the active Defendant Internet Stores for the Defendant Names (Exhibit 2 to the Declaration of Carlos Dorado).

10. The $10,000 bond posted by FKC shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Dated: January 18, 2021

_____
U.S. District Court Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WHAM-O HOLDING, LTD. and
INTERSPORT CORP. d/b/a WHAM-O,

    Plaintiffs,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:19-cv-3851

Judge Matthew F. Kennelly

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O's ("WHAM-O") motion for a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiffs' Motion for Entry of a Preliminary Injunction in its entirety against the defendants identified in Schedule A (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented screenshot evidence that each Defendant Internet Store is reaching out to do business with Illinois

1

residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can and do purchase products using counterfeit versions of Plaintiffs' Trademark. *See* Docket No. 13 which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the FRISBEE trademarks, U.S. Trademark Registration Nos. 4,046,202; 970,089 and 679,186.

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of WHAM-O's previously granted Motion for a Temporary Restraining Order establishes that WHAM-O has a likelihood of success on the merits; that no remedy at law exists; and that WHAM-O will suffer irreparable harm if the injunction is not granted.

Specifically, WHAM-O has proved a *prima facie* case of trademark infringement because (1) the FRISBEE trademarks are a distinctive mark and registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the FRISBEE trademarks, and (3) Defendants' use of the FRISBEE trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with WHAM-O. Furthermore, Defendants' continued and unauthorized use of the FRISBEE trademarks irreparably harms WHAM-O through diminished goodwill and brand confidence, damage to WHAM-O's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, WHAM-O has an inadequate remedy at law. Moreover, the

public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. using WHAM-O's FRISBEE or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine FRISBEE product or not authorized by WHAM-O to be sold in connection with WHAM-O's FRISBEE trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine FRISBEE product or any other product produced by WHAM-O, that is not WHAM-O's or not produced under the authorization, control or supervision of WHAM-O and approved by WHAM-O for sale under WHAM-O's FRISBEE trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of WHAM-O, or are sponsored by, approved by, or otherwise connected with WHAM-O;

    d. further infringing WHAM-O's FRISBEE trademarks and damaging WHAM-O's goodwill;

    e. otherwise competing unfairly with WHAM-O in any manner;

3

  f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for WHAM-O, nor authorized by WHAM-O to be sold or offered for sale, and which bear any of WHAM-O's FRISBEE trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

  g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit FRISBEE Products; and

  h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing WHAM-O's FRISBEE trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine FRISBEE product or not authorized by WHAM-O to be sold in connection with WHAM-O's FRISBEE trademarks.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at WHAM-O's choosing:

    a. unlock and change the registrar of record for the Defendant Domain Names to a registrar of WHAM-O's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of WHAM-O's selection until further ordered by this Court; or

    b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as Amazon, iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the FRISBEE trademarks, including any accounts associated with the Defendants listed on Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the FRISBEE trademarks; and

    c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but

    not limited to, removing links to the Defendant Domain Names from any search index.

5.  Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer and Alibaba, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alibaba, Western Union, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to WHAM-O expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

  a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

  b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

  c. Defendants' websites and/or any Online Marketplace Accounts;

6

    d. The Defendant Domain Names or any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, WISH, Amazon, Alibaba, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Western Union shall, within two (2) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule A until further ordered by this Court.

8. PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), ContextLogic, Inc. ("WISH"), Amazon Payments, Inc. ("Amazon") and Alipay US, Inc. ("Alipay") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

  a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal, eBay, WISH, Alipay and Amazon accounts connected to the information

7

        listed in Schedule A hereto or the email addresses identified in Exhibit 2 to the Declaration of Todd Richards; and

        b. Restrain and enjoin any such accounts or funds that are non-U.S. foreign based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within two (2) business days of receipt of this Order:

        a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A hereto or the email addresses identified in Exhibit 2 to the Declaration of Todd Richards; and

        b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. WHAM-O may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Defendant Domain Names which are transferred to WHAM-O's control will redirect, or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Todd Richards and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "Higo452 and all other Defendants identified in

Complaint" the Schedule A that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to WHAM-O or on shorter notice as set by this Court.

12. The $10,000 bond posted by WHAM-O shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Dated: July 23, 2019

_____
U.S. District Court Judge